## McGILL (two cases) v. CENTRAL CROSSTOWN R. CO.

(Supreme Court, Appellate Term.  November 6, 1903.)

1. STREET RAILWAYS—INJURY TO PASSENGER BOARDING CAR—NEGLIGENCE—EVIDENCE.
   A judgment for plaintiff is supported by evidence that she attempted to board defendant's street car while it was at a standstill, immediately on the alighting of a passenger, and that it started while she was stepping on it, though plaintiff approached the car after the signal to start had been given by the conductor, who was inside the car.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Actions for negligence by Bridget McGill and Bernard McGill against the Central Crosstown Railroad Company.  From judgments for plaintiffs, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Edward D. O'Brien, for appellant.

G. A. C. Barnett, for respondents.

BISCHOFF, J. Conceding all the value which the defendant claims for the testimony of the disinterested witness Robbins, the recovery below is still supported by sufficient proof, and is not opposed to the weight of evidence. The plaintiff's story is that she attempted to board the car when it was at a standstill, her attempt being made immediately upon the alighting of a passenger, and that the injury sued for resulted from the car's starting while she was stepping upon it. Mr. Robbins, called for the defendant, testified that this plaintiff approached the car after the signal to go ahead had been given by the conductor, who was inside the car, collecting fares; but, according to his testimony, the car was not moving at the very moment when she actually tried to board, nor does it appear that the conductor's signal was given after the alighting passenger had stepped away from the car. The conductor assumed to give the proper signals from a place where it was evident that he could not see the position of arriving or departing passengers in relation to the platform step. In fact, this woman was dragged for half a block before the conductor became apprised of the fact by the cries of his passengers. The giving of the signal to start, therefore, was not inconsistent with the plaintiff's testimony that she tried to board just as a passenger left the car, and while it was standing still—an account not in conflict with the evidence of Mr. Robbins, which measured the attempt solely by its relation to the conductor's signal. There was an implied invitation to take passage, and the accident may well have been deemed to have resulted from the sole negligence of the defendant's servant.

Judgments affirmed, with costs. All concur.